**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**YOLANDA WINSTON,**

    **Plaintiff,**

**vs.**                                          **Case No. 4:17cv117-RH/CAS**

**WARDEN, FCI ALICEVILLE,
TAMIKA DAWSON, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and in forma pauperis, initiated this case on March 2, 2017. ECF Nos. 1-2. Plaintiff was eventually granted leave to proceed in forma pauperis, ECF No. 7, paid the assessed initial partial filing fee, ECF No. 8, and Plaintiff has now filed an amended complaint. ECF No. 11. Plaintiff's amended complaint asserts the violation of her Eighth Amendment constitutional rights as well as a claim for negligence, ECF No. 11 at 12, and brings claims under *Bivens*. *Id.* at 4. Plaintiff does not appear to be raising any claims under the Federal Tort Claims Act, 28

U.S.C. § 1346, nor does it appear that she could do so as Plaintiff indicates she did not receive a final disposition of such a claim as required by 28 U.S.C. § 2675(a). See ECF No. 11 at 10.[1]

Plaintiff's amended complaint reveals that all named Defendants are located at the Federal Correctional Institution in Aliceville, Alabama. ECF No. 11 at 2-4. The events at issue necessarily took place in Aliceville, which is in Pickens County, Alabama. Therefore, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 81(a)(5) is in the United States District Court for the Northern District of Alabama, Western Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court

---

[1] Plaintiff indicates she submitted her claim through the "BOP Administrative Remedy process" but all responses received stated that it was "untimely, not enough copies submitted, etc." ECF No. 11 at 10, ¶13.

Case No. 4:17cv117-RH/CAS

may not dismiss without first giving the parties an opportunity to present their views on the issue.")

Thus, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Northern District of Alabama, Western Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 31, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:17cv117-RH/CAS