UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| YOLANDA WINSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 7:17-cv-01099-VEH-SGC |
| | ) |
| ADUCCI-WASHINGTON, Retired Warden, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

The magistrate judge entered a report on April 19, 2018, recommending: (1) this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2); and (2) that the defendants' motion to dismiss be denied as moot. (Doc. 27). After obtaining an extension of time to object (*see* Docs. 28, 29), the plaintiff filed a pleading on May 3, 2018, which the court construes as the plaintiff's timely objections to the report and recommendation (Doc. 30).

In her amended complaint, brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the plaintiff alleges the defendants' deliberate indifference and failure to provide proper medical care violated her Eight Amendment right against cruel and unusual punishment. (Doc. 11 at 12).

The amended complaint also alleges the defendants were negligent under the Federal Tort Claims Act ("FTCA"). (*Id.*).

In her objections, the plaintiff does not challenge the recommendation that her Eighth Amendment claims are due to be dismissed. Instead, the objections contend Aliceville FCI has failed to prevent slip and falls, violating the plaintiff's right to a safe environment. (Doc. 30 at 1). The objections opine the accident which caused the plaintiff's toe injury "could have been prevented had Aliceville FCI not been negligent." (*Id*. at 2). As noted in the report and recommendation, *Bivens* does not provide any cause of action against federal employees for negligence. (Doc. 27 at 7). Rather, a claim based on the negligence of a federal employee must be brought against the United States under the FTCA. 28 U.S.C. § 1346(b). The plaintiff's failure to name the United States as a defendant is therefore fatal to her claim. *See Minneci v. Pollard*, 565 U.S. 118, 124 (2012) (the defendant in an FTCA action is "the United States, not the individual officers who [] committed the violation"); *Simpson v. Holder*, 184 F. App'x 904, 908 (11th Cir. 2006) ("The United States is the only proper defendant in an FTCA action.") (citing 28 U.S.C. §§ 2679(a)-(b); *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998); *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988); *Mars v. Hanberry*, 752 F.2d 254, 255 (6th Cir. 1985)).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections, the plaintiff's objections are **OVERRULED**. (Doc. 30). The magistrate judge's report is **ADOPTED** and the recommendation is **ACCEPTED**. (Doc. 27). Therefore, in accordance with 28 U.S.C. § 1915(e), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted. The defendants' motion to dismiss is **DENIED** as **MOOT**. (Doc. 22).

A separate order will be entered.

**DONE** and **ORDERED** this 17th day of May, 2018.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge